**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-7493**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH MASON SPRAGUE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (7:04-cr-00029-HMH-AL)

_____

Submitted:  February 22, 2007          Decided:  March 1, 2007

_____

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Joseph Mason Sprague, Appellant Pro Se.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Sprague appeals the district court's order denying his motion for written order and for clarification of record, following the denial of Sprague's Fed. R. Crim. P. 36 motion. The underlying basis for Sprague's motion is that he seeks to have his criminal judgment order amended to reflect satisfaction of the restitution ordered by the district court, based upon the forfeiture by the United States of a vehicle Sprague purchased allegedly with proceeds from the bank robbery of which he was convicted. We find no error in the district court's denial of Sprague's motion. To the extent Sprague seeks to appeal the denial of his request for clarification of the district court's oral order denying Sprague's Rule 36 motion, we find no error. The docket sheet clearly shows that the district court denied his motion for clarification. To the extent Sprague seeks to challenge the district court's denial of the underlying Rule 36 motion,[*] we likewise find no error. The judgment order is correct as entered. The determination of whether Sprague's restitution obligations have been satisfied is a post-judgment accounting matter that does not

_____

[*]While it appears as though an appeal from the district court's denial of Sprague's Rule 36 motion may be untimely, Sprague has asserted that he did not receive notice of the denial of said motion until the day before he filed his motion for written order and motion for clarification. Even assuming, arguendo, that he timely raised his challenge to the underlying order, given that there is no error, clerical or otherwise, in Sprague's judgment of conviction, this challenge would be without merit.

- 2 -

affect the integrity of the original judgment of conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED